UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In Re: ) | |
| ) | |
| Theresa Ferguson ) | Case No. 16-18626 |
| ) | Chapter 13 |
| ) | |
| ) | |
| Debtor. ) | |

**DAWN C. STEWART'S LIMITED OBJECTION TO MOTION TO WITHDRAW FILED BY LAWRENCE REGAN AND MOTION TO WITHDRAW OF DAWN C. STEWART**

COMES NOW, Dawn C. Stewart, prior counsel for the Debtor, and hereby objects to the Motion to Withdraw of Lawrence Regan solely to the extent it states that the undersigned is still counsel of record.

1. The undersigned represented the Debtor at the outset of this case.

2. Over the course of the representation, counsel and Debtor frequently disagreed about the best course of action and Debtor consulted current counsel for a second opinion. In the course of discussions, the undersigned asked Mr. Regan if he would be interested in taking over as counsel because the undersigned planned to withdraw given the numerous differences in opinion that resulted in difficulty communicating with the client effectively.

3. Mr. Regan indicated that they would substitute in as counsel. It appears that, as a technical oversight, an entry of appearance rather than a substitution of counsel was filed. The undersigned has not communicated

with the Debtor since Mr. Regan's entry of appearance nor has she communicated with Mr. Regan.

4. The undersigned does not wish to waste the Court's time so will merely note that the undersigned disagrees with most of the representations made by Ms. Ferguson in her opposition, several of which are actionable as defamatory, and the representations merely serve to underscore the difficulties faced communicating with Ms. Ferguson while the undersigned was her attorney. Rather than waste the Court's time, counsel will simply state that Counsel was retained at a flat fee of $3,000. Only $1,500 was paid prior to filing with the balance to be paid through the trustee in monthly installments. Only a few payments had been made at the time Mr. Regan commenced representation and, as soon as he did, the undersigned stopped negotiating the monthly checks because the agreement was that the balance of the fee that was yet to be paid would go to Mr. Regan and his firm because Dawn C. Stewart would no longer be representing the Debtor. The undersigned has not represented Ms. Ferguson since Mr. Regan took over and has not accepted any payments, although a substantial amount of the flat fee was still owed, after Mr. Regan stepped in. The undersigned does not wish to represent Ms. Ferguson going forward and, given the defamatory statements in her letter now believes a conflict of interest would exist, and, as the Court can determine from the letter filed by the Debtor, that Debtor does not wish the undersigned to represent her.

WHEREFORE, Dawn C. Stewart, prior counsel for the Debtor, respectfully requests this Court, to the extent it determines the undersigned is Still counsel, permit the undersigned to withdraw as counsel given that she has not been paid the agreed upon fee, a conflict of interest now exists, and given the Debtor's defamatory comments it is clear that counsel could not effectively represent the Debtor.

Date: August 20. 2019			Respectfully Submitted,


		_____/S/_Dawn C. Stewart___
		Dawn C. Stewart, Esq.
		The Stewart Law Firm, PLLC
		1600 N. Oak St. #1216
		(202) 276-9264 (phone)
		(202) 521-0616 (fax)
		Interested Party as prior counsel for the Debtor

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on August 20, 2019 I served a copy of the above Opposition And Motion by electronic means and/or depositing a copy of the same in the U.S. mail with proper postage prepaid to:

Office of the US Trustee

Timothy Branigan, Chapter 13 Trustee

Counsel for the Debtor

    /s/ Dawn C. Stewart
Dawn C. Stewart, Esq.